IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEONARD G. HOROWITZ and SHERRI KANE, | ) ) ) | MISC. NO. 16-00137 JMS-KSC |
| Plaintiffs, | ) ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED WITHOUT PREPAYING FEES |
| vs. | ) ) ) | |
| PAUL J. SULLA, JR., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

**I.  INTRODUCTION**

On May 10, 2016, Plaintiffs Leonard G. Horowitz and Sherri Kane ("Appellants") filed a Notice of Appeal from the Bankruptcy Court's Order Denying Motion for Preliminary Injunction and Extended Stay, dated May 3, 2016. *See* Doc. No. 1. In connection with the appeal, Horowitz filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").[1] Doc. No. 1-2. On May 13, 2016, the Bankruptcy Court issued a Findings and Recommendation to Deny the IFP Application ("F&R"). Doc. No. 1.

---

[1] Neither Kane's financial information nor signature is included on the IFP Application.

The court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). Based on the following, after a careful *de novo* review, the court ADOPTS the F&R and DENIES the IFP Application.

## II. DISCUSSION

Federal courts may authorize the commencement of any suit, without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses and demonstrates that he or she is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of [ ] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to

demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The IFP Application indicates that Horowitz receives approximately $1,500 per month in royalties from copyrighted material and that he has no other income. Doc. No. 1-2. Horowitz's assets include two vehicles worth $1,500 each, and a parcel of land worth $21,300. *Id.* Horowitz further states that Kane, his "fiance and assistant," is his sole dependant. *Id.*

Based on the IFP Application, Horowitz's income falls $430 below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2016 Poverty Guidelines. *See* 2016 HHS Poverty Guidelines, (https://www.federalregister.gov/articles/2016/01/25/2016-01450/annual-update-of-the-hhs-poverty-guidelines) (last visited June 14, 2015) (indicating that the poverty threshold for a two-person household in Hawaii is $18,430). However, as the F&R noted, "[i]n contrast to the information in his IFP affidavits, on March 9, 2016, Dr. Horowitz calculated his monthly income as $1,931.76 plus another $364.25 from 'Unmarried partner contributions' for a combined monthly income of $2,296." Doc. No. 1, F&R at 4. When these figures are taken into account,

Appellants' annual household income exceeds the HHS 2016 Poverty Guidelines by nearly $10,000.

Additionally, the IFP Application indicates that Horowitz has assets of approximately $24,300, thereby further indicating that Appellants are either capable of paying the costs of this proceeding or giving security therefor. *See* 28 U.S.C. § 1915(a). Moreover, as the F&R noted, Appellants previously disclosed substantial assets in bankruptcy court that were not identified on the IFP Application. *See* Doc. No. 1, F&R at 5 (explaining that "in the bankruptcy schedules and statements filed two months ago, Dr. Horowitz lists two limited liability companies with his 50% interests valued at $60,000 and $17,000 respectively, domains and trademarks valued at $75,000, as well as accounts receivable, artwork, jewelry, and musical instruments").

The court has carefully reviewed Horowitz's Objections to the F&R. *See* Doc. No. 3. The court is not persuaded. Although Appellants certainly have various debts and other expenses, as demonstrated by their bankruptcy filing, the court's independent review of all the financial information in the record demonstrates that Appellants fail to qualify for IFP status under § 1915(a). As such, the court agrees with the F&R that the IFP Application should be denied.

## III.  **CONCLUSION**

Based on the foregoing, the court ADOPTS the F&R and DENIES the IFP Application.  If Appellants wish to proceed with their appeal, they must remit the appropriate filing fee by July 30, 2016.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 14, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Horowitz et al. v. Sulla*, Misc. No. 16-00137 JMS-KSC, Order Adopting Findings and Recommendation to Deny Application to Proceed Without Prepaying Fees